The Honorable Clark Hall State Representative 302 Elm Street Marvell, Arkansas 72366-8729
Dear Representative Hall:
I am writing in response to your request for an opinion on the following:
 Under Ark. Code Ann. § 16-84-207, may a quorum court accept payment from a forfeited bond company to settle a civil bond judgment?
RESPONSE
In some circumstances, parties to a judgment may enter into agreements supported by adequate consideration to satisfy the judgment. In this instance, however, the applicable statute invests the circuit court both with broad discretion as to the amount of the judgment and the ability to enforce its order. It is doubtful in my opinion, therefore, whether any party has the ability to enter an agreement to compromise or settle the amount adjudged by the court. Moreover, in this case, the relevant official appears to be the prosecuting attorney, a state official, who is charged with bringing the action under A.C.A. § 16-84-207 (Repl. 2005) rather than the quorum court. In my opinion, the answer to your question is therefore in all likelihood "no."
I have recently addressed the discretion vested in the circuit court with respect to bond forfeiture proceedings in response to one of your previous requests. See Op. Att'y Gen. 2007-219. I will briefly outline the process by which a bail bond is taken and then forfeited. An individual who has been arrested for a crime may be released on a bail bond on the condition that he or she appears at all times lawfully *Page 2 
required. See A.C.A. § 16-84-207(a); and Ark. R. Crim. Pro. 9.2.[1] If a bond is issued through a bail bond agency, the agency is the surety on the bond guaranteeing the defendant's appearance in court. If this defendant absconds from the jurisdiction and fails to appear in court, the court will order the bond forfeited and send notice to the surety that the defendant has absconded. A.C.A. § 16-84-207(b)(1) ("If the defendant fails to appear . . . the circuit court shall . . . adjudge the bail bond . . . to be forfeited . . . "). The court will order the circuit clerk on motion by the State to issue an arrest warrant for the defendant and a summons to the bond company, as surety, to appear and show cause why "judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture." A.C.A. § 16-84-207(b)(2)(B) (Repl. 2005); see also Ark. R. Crim. Pro. 9.5.
Assuming that the defendant is not retrieved and brought before the court prior to the hearing, the Arkansas Code states that the court will enter an order determining the amount of the bond that is forfeited in favor of the county. In pertinent part, A.C.A. § 16-84-207 states:
 (d)(1) If the surety does not consent to the entry of judgment in the amount determined under subsection (c) of this section, or if the defendant has not surrendered or been brought into custody, then at the time of the show cause hearing unless continued to a subsequent time, the circuit court shall determine the surety's liability and enter judgment on the forfeited bond.
 (2) The circuit court may exercise its discretion in determining the amount of the judgment and may consider the factors listed in subsection (c) of this section.
Id. (emphasis added). Additionally, the form of the summons set forth in Ark. R. Crim. Pro. 9.5 specifically states that "Entry of the Order of Forfeiture by the Court shall constitute a personal judgment against each surety on the bond, for which execution and other lawful process may issue." Id. *Page 3 
As noted in A.C.A. § 16-84-207(d)(2), a circuit court is authorized to exercise discretion with respect to factors set forth in the Arkansas Code to determine the liability on the bond. These factors include the actions taken by and the expenses incurred by the surety to locate the missing defendant, the expenses incurred by law enforcement agencies to locate and apprehend the defendant, and "any other factors the circuit court finds relevant." A.C.A. § 16-84-207(c)(2)(B) (Repl. 2005). Additionally, A.C.A. § 16-84-207(f) (Repl. 2005) specifically authorizes a circuit court to suspend a bail bond company's ability to issue bonds in that court if the company fails to "pay forfeited bonds in accordance with a circuit court's order."
I assume that the phrase "civil bond judgment" in your request is referring to a valid court order that has been entered forfeiting a bail bond, also referred to as an Order of Forfeiture in Ark. R. Crim. Pro. 9.5. Your question, then, appears to be whether a quorum court could accept a payment of less than the ordered amount from the company to "satisfy" the court-ordered forfeiture.
As described above, the Arkansas Code and the Arkansas Rules of Criminal Procedure dictate that the amount of the surety's liability is determined by the discretion of the court; and the order of forfeiture by the court specifies the amount to be paid by the surety.[2]See A.C.A. § 16-84-207; and Ark. R. Crim. Pro. 9.5. Furthermore, the county is not a party to the forfeiture proceedings. The proceedings are brought in the name of the state against the surety of the bonds.See Ark. R. Crim. Pro. 9.5. In certain instances, parties affected by a civil judgment may enter into agreements to satisfy the judgment, as long as the agreement is supported by adequate consideration. See,e.g., 50 C.J.S. Judgments § 673. In this case, however, as noted above, the county quorum court does not appear to be the proper entity to make such an agreement. The prosecuting attorney, a state official, is the party who brings the action in question. In addition, the statute gives the circuit court the ability to enforce its own judgment. *Page 4 
A.C.A. § 16-84-207(f). It is thus doubtful whether any party or entity has the power to compromise the judgment without court sanction.
It is therefore my opinion that the answer to your question is in all likelihood "no."
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Arkansas Rules of Criminal Procedure must be read in conjunction with the statutes applicable to the processes in circuit court. See Ark. R. Crim. Pro 1.2, "Scope" (making these rules applicable in the Supreme Court and circuit courts); and State v. Lester,343 Ark. 662, 38 S.W.3d 313 (2001) (while acknowledging the potential applicability of both statutes and court rules, stating that, in the event of a conflict, the rules will control where their primary purpose and effectiveness would otherwise be compromised); See also State v.Sypult, 304 Ark. 5, 800 S.W.2d 402 (1990).
[2] While my research has not uncovered a general statute directing the disposition of forfeited bond proceeds, certain statutes do specifically require the forfeited bond amounts to be deposited in particular accounts or for particular purposes. See, e.g., A.C.A. §5-26-401(c) (Supp. 2007) (authorizing a court to direct that the forfeited bond be paid for support and maintenance when the defendant is convicted on the crime of nonsupport); and A.C.A. § 12-41-715(b) (Repl. 2003) (if a county, municipality, or public instrumentality has created a jail board and issued jail bonds pursuant to A.C.A. §§ 12-41-701
through-719 (Repl. 2003), forfeited bond money may be deposited in the jail revenue bond fund authorized by A.C.A. § 12-41-712 (Repl. 2003)).